UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MAX MATHEW,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,
and JOHN DOES 1-5

    Defendants.

_____/

**COMPLAINT**
**JURY DEMAND**

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331. <u>Mims v. Arrow Fin. Servs. LLC,</u> 132 S. Ct. 740 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls into this District.

**PARTIES**

3.    Plaintiff, MAX MATHEW, is a natural person, who at the time of the events alleged herein resided in Broward County, Florida.

4.    Defendant, NCO FINANCIAL SYSTEMS, INC., ("NCO") is a corporation and citizen of the State of Pennsylvania with its principal place of business at 507 Prudential Road, Horsham, Pennsylvania 19044.

5.  Defendant, JOHN DOE 1, is the creditor on whose behalf, NCO, placed calls to Plaintiff's cellular telephone. Plaintiff is presently unaware of the true name JOHN DOE 1, and will obtain them through discovery and amend his Complaint accordingly.

6.  Defendants, JOHN DOES 2-5, are other debt collectors that have placed calls to Plaintiff's cellular telephone on behalf of JONH DOE 1 and or NCO. Plaintiff is presently unaware of the names of these individuals, and will obtain them through discovery and amend his Complaint accordingly.

7.  Because JOHN DOE 1 is the creditor on whose behalf NCO and JOHN DOES 2-5 placed the calls, it is jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

**FACTUAL ALLEGATIONS**

8. On or about May 26, 2011, Defendant, NCO, or another party acting on its behalf, left a message on Plaintiff's voice mail on his cellular telephone using a pre-recorded or artificial voice.

9. Defendant, NCO, and JOHN DOE's 2-5, or another party acting on their behalf, left other messages on other occasions regarding a number of different alleged debts using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone.

10. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

11. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

12. Plaintiff incorporates Paragraphs 1 through 11.

13. Defendants, NCO, and JOHN DOE 2-5, or others acting on their behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. a declaration that Defendant calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> don@donyarbrough.com
>
> By: s/ Donald A. Yarbrough
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658